The PRESIDENT
delivered the opinion of the court.
It was objected to by the counsel for the appellant, but the decree _o£ the County Court having been carried into execution by the return of an habere facias posses-sionem, executed, the petition of appeal was made too late, and ought not to have been granted, since the supersedeas thereupon awarded, could have nothing to operate upon.
*A supersedeas in England, is merely an auxiliary process ; and so it is, in some instances, in this country. But in general, it is a mode by which the record of a judgment of an inferior court, is removed before a superior jurisdiction.
When merely auxiliary, it can have no effect after the decree, or judgment is carried into execution; since it can only stay the proceedings in the state in which they are; but yet the suit goes on, in the supe-riour court, by the other pirocess; and if the judgment be reversed, a writ of restitution issues, to restore the party to that, of which he had been dispossessed by the execution.
Where the supersedeas is the only process, by the laws of this state, it may have one, or both of those operations, as the judgment happens to be executed or not.
At law, a party may appeal at the time the judgment is rendered; or he may after-wards obtain a writ of error, which, it is admitted, may issue after the judgment is executed.
Upon the merits, though the court is of opinion, that the decree of -the Chancellor ought to be affirmed, yet we do by no means coincide with him, in the reasons and arguments upon which he seems to have grounded his opinion.
The plaintiff has stated a very fair and proper case for a Court of Equity. — He was a purchaser, against whom the defendant unfairly and fraudulently obtained a preference ; and in questions like this, where fraud is suggested and proved, courts of equity have competent jurisdiction, -and can afford the most ample and adequate relief. — But in 1hisca.se, the plaintiff not having supported the allegations in his bill, which charge Wood Jones with fraud in obtaining his patent, this court is of opinion, that there is no error in the decree, and that it must be affirmed with costs. _